*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ROBERT ARTHUR JOHNSON, JR.,

      Defendant-Appellant.

UNPUBLISHED
December 14, 2023

No. 363774
Ontonagon Circuit Court
LC No. 2019-000043-FH

Before: GLEICHER, C.J., and GARRETT and MALDONADO, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his no-contest plea conviction of witness retaliation, MCL 750.122(8). Defendant was sentenced to time served. We affirm.

## I. BACKGROUND

In 2014, defendant faced multiple convictions and was incarcerated for 12 months following an incident in which his dog got loose then allegedly chased and barked at a 14-year-old boy, and defendant then had an altercation with a police officer. The boy testified at defendant's trial, and after he was released, defendant sent the boy the following message over Facebook:

> Hey there you lying pc of sht, I hope yr proud of yourself. Your fkn lies cost me a year in jail, as the video clearly shows u weren't walking to clinic, werent charged by a dog, nor ran as fast as u could into clinic, cuz u were afraid the dog would bite u. U must have been coached by the cops, and were coherced into lying for then. U dont know the difference bwtween right and wrong, and based on ur writing skills, you MUST be fkn retarded. Goes around comes around, and Karma WILL fuck you, for the lies u told, and the harm you caused me from ur choice to

---

[1] See *People v Johnson*, unpublished order of the Court of Appeals, entered January 5, 2023 (Docket No. 363774).

lie. You should be ashamed of yourself, and I hope u suffer an extremely horrible death that causes u and ur family dire pain, like YOU put upon me, and consequences for being a lying little twerp who deserves to have his fkn tongue cut off, cuz if thats the BEST you can do with it, YOU DON'T NEED IT. Fk u and ur family, eat shit and die u lying pc of shit, middle finger high in the air to you, and when ur 18, Id love to show u how much I and my family appreciates your fkn lies. Fuck you[.]

Defendant was then convicted of witness retaliation, but this conviction was vacated in a published opinion of this Court due to an instructional error. See *People v Johnson*, 340 Mich App 531; 986 NW2d 672 (2022).

On remand, defendant entered a no-contest plea to violating MCL 750.122(8). As part of the plea agreement, both parties agreed that "[defendant] preserves facial and as-applied challenges to MCL 750.122(8) on state constitutional grounds." At the plea hearing, in order to preserve the argument for appellate review, the court allowed defendant to address his constitutional issue on the record. Defendant argued (1) that the 1963 Michigan Constitution provides a higher protection for speech than the United States Constitution and (2) that a broad reading of the 1963 Michigan Constitution establishes that an abuse of the right to freedom of speech may only be punished by way of civil damages. The court denied defendant's oral motion to dismiss the case and concluded that Michigan caselaw is clear that, regarding the freedom of speech, the 1963 Michigan Constitution has been interpreted to afford the same protection as the United States Constitution. The court then accepted defendant's plea agreement.

Defendant now appeals, challenging MCL 750.122(8) on state constitutional grounds.

## II. DISCUSSION

We "review de novo questions of constitutional law." *People v Davis*, 337 Mich App 67, 74; 972 NW2d 304 (2021). "Similarly, the proper application and interpretation of statutes and court rules raise questions of law that this Court reviews de novo." *Id*.

Defendant raises two challenges to the constitutionality of his conviction. First, defendant argues that his conviction for violating MCL 750.122(8) is unconstitutional because the 1963 Michigan Constitution provides broader protections for free speech than the First Amendment to the United States Constitution. Second, defendant argues that the language of Michigan's free speech clause restricts the state to civil, rather than criminal, penalties.

Published opinions of this Court have held repeatedly that the protections offered for free speech by the Michigan and United States Constitutions are coterminous. *People v Burkman*, 341 Mich App 734, 758; 992 NW2d 341 (2022); *Truckor v Erie Twp*, 283 Mich App 154, 162 n 3; 771 NW2d 1 (2009); *In re Contempt of Dudzinski*, 257 Mich App 96, 100; 667 NW2d 68 (2003); *Owosso v Pouillon*, 254 Mich App 210, 213-214; 657 NW2d 538 (2002); *Burns v Detroit (On Remand)*, 253 Mich App 608, 620-621; 660 NW2d 85 (2002). While none of these cases deal directly with the statute pursuant to which defendant was convicted, their unambiguous statements regarding the conterminous nature of these provisions are equally applicable in this context. Therefore, we are bound to reject defendant's first argument. Defendant's second argument is

more specific. The provision in Michigan's 1963 Constitution specifies that every person is "responsible for the abuse of" their right to free speech. Defendant construes this to mean that, even when speech is unprotected, only civil penalties are permitted rather than criminal penalties. However, as noted, we are bound to conclude that Michigan and federal free speech protections are coterminous, and it is undisputed that First Amendment jurisprudence permits criminal sanctions for unprotected speech. Therefore, concluding that Michigan's 1963 constitution allows only civil penalties would be inconsistent with the aforementioned caselaw declaring Michigan and federal free speech protection coterminous.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kristina Robinson Garrett
/s/ Allie Greenleaf Maldonado